**IJH LAW**
Ignacio J. Hiraldo (State Bar No. 354826)
1100 Town & Country Road Suite 1250
Orange, CA 92868
E. ijhiraldo@ijhlaw.com
T. 657.200.1403
*Counsel for Plaintiff and the Proposed Class*

William A. Delgado (SBN 222666)
wdelgado@dtolaw.com
Michael R. Panek (SBN 346775)
mpanek@dtolaw.com
**DTO LAW**
915 Wilshire Boulevard, Suite 1950
Los Angeles, California 90017
Telephone: (213) 335-6999
Facsimile: (213) 335-7802
*Attorneys for Defendant*
INSOMNIAC HOLDINGS, LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

TYLER RYDOSZ, individually and on behalf of others similarly situated,

Plaintiff,

v.

INSOMNIAC HOLDINGS, LLC,

Defendant.

Case No. 2:25-cv-11475-JAK-AS

**STIPULATION AND AGREED MOTION TO AMEND SCHEDULING ORDER**

**Judge**: Judge John A. Kronstadt

Plaintiff Tyler Rydosz and Defendant Insomniac Holdings, LLC hereby stipulate and respectfully request that the Court amend the Court's Order Setting Pretrial Deadlines (herein the "Scheduling Order"), [ECF No. 20], by an extension

of one hundred and twenty (120) days to each deadline and in support thereof state as follows.

**I. Procedural History**

1) On March 31, 2026, the Court entered the Scheduling Order in this matter. [ECF No. 20].

2) On March 3, 2026, Plaintiff served on Defendant (1) Plaintiff's First Requests for Production of Documents, (2) Plaintiff's First Set of Interrogatories, and (3) Plaintiff's First Requests for Admission, with responses due from Defendant on April 2, 2026. Declaration of Ignacio J. Hiraldo ("Hiraldo Decl."), attached as **Exhibit A**, at ¶ 4.

3) On March 26, 2026, Defendant's counsel requested a 28-day extension for its responses to which Plaintiff agreed, making Defendant's responses due on April 30, 2026. Hiraldo Decl. at ¶ 5.

4) On April 30, 2026, Defendant served its responses and objections to Plaintiff's discovery requests but did not at that time produce any documents. Hiraldo Decl. at ¶ 6.

5) Defendant's discovery responses stated that many of the documents Plaintiff requested are in the possession of non-party vendors used by Defendant to place the text messages at issue in this matter, Attentive Mobile Inc. ("Attentive") and TicketLabs Inc. ("TicketLabs"). Hiraldo Decl. at ¶ 7.

6) On May 8, 2026, Plaintiff served Defendant, as required by L.R. 37-1, with a meet and confer letter regarding Defendant's discovery responses. Hiraldo Decl. at ¶ 8.

7) The Parties agreed to conduct the meet and confer on May 19, 2026. Hiraldo Decl. at ¶ 9.

8) On May 19, 2026, Defendant served Plaintiff with a letter response to Plaintiff's meet and confer letter. Hiraldo Decl. at ¶ 10.

9) On May 19, 2026, counsel for the Parties met and conferred regarding

the discovery responses and had a productive conversation which could resolve many of the issues Plaintiff had with Defendant's responses. Hiraldo Decl. at ¶ 11.

10) During the meet and confer, Defendant represented that it would begin to make a rolling production of documents in the coming weeks and that it would further research other issues raised by Plaintiff's meet and confer letter. Hiraldo Decl. at ¶ 12.

11) The parties are continuing to meet and confer regarding Defendant's discovery responses and objections in an attempt to resolve these issues without the Court's intervention. Hiraldo Decl. at ¶ 13.

12) Additionally, on May 11, 2026, Plaintiff served notice of its intent to subpoena Attentive Mobile Inc. and TicketLabs Inc. Hiraldo Decl. at ¶ 14.

13) Plaintiff has served these subpoenas, and the responses to these subpoenas are currently due on June 2, 2026, although Plaintiff anticipates both entities will request additional time to respond to the subpoenas. Hiraldo Decl. at ¶ 15.

## II. Legal Standard

Federal Rule of Civil Procedure 16(b)(4) provides that "[a] scheduling order] may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking extension.'" *Id.* Although "a court may take into account any prejudice to the party opposing modification of the scheduling order, 'the focus of the [Rule 16(b)] inquiry is upon the moving party's reasons for seeking modification.'" *In re Western States Wholesale Natural Gas Antitrust Litigation*, 715 F.3d 716, 737 (9th Cir. 2013).

## III. Argument

The Parties respectfully submit that there is good cause to amend the Court's

current Scheduling Order. The Parties requested modification to the Scheduling Order is made in good faith and not for the purpose of delay. Hiraldo Decl. at ¶ 17.

As discussed in the Hiraldo Decl. and above, the Parties have been diligently attempting to obtain the discovery necessary in this matter. However, the Parties require additional time to conduct discovery to be able to adhere to the Court's Scheduling Order and properly brief any class certification motion and opposition to the class certification motion and any motions for summary judgment and opposition to such motions.

This discovery includes, among others, continuing efforts to meet and confer regarding Plaintiff's discovery requests, Defendant's production of documents, Attentive and TicketLabs production of documents in response to Plaintiff's subpoenas, any potential enforcement actions by Plaintiff regarding the subpoenas, expert reports and rebuttal reports, and the depositions of Plaintiff, Defendant, TicketLabs, Attentive, and the Parties' experts. Hiraldo Decl. at ¶ 16.

Furthermore, the Parties have agreed to conduct mediation before Robert A. Meyer and are exploring available dates in September 2026. A 120-day continuance of the current pretrial deadlines would continue class certification briefing until after the anticipated mediation and encourage productive settlement discussions as the Parties would avoid incurring significant litigation expense prior to mediation.

**IV. Conclusion**

The Parties stipulate and respectfully submit that good cause exists to modify the current deadlines by a period of one hundred twenty (120) days as follows.

| **Date** | **Event** |
|---|---|
| [September 29, 2026]<br>June 1, 2026 | Last day to amend or add parties |
| [November 10, 2026]<br>July 13, 2026 | Deadline to file Motion for Class Certification |
| [December 8, 2026] | Deadline to file Opposition to Motion for Class |

| | |
|---|---|
| August 10, 2026 | Certification |
| [December 22, 2026]<br>August 24, 2026 | Deadline to file Reply in Support of Motion for Class Certification |
| [January 12, 2027 at 8:30 a.m.]<br>September 14, 2026 at 8:30 a.m. | Hearing on Motion for Class Certification |
| [February 4, 2027]<br>October 7, 2026 | Last day to participate in a settlement conference/mediation |
| [February 6, 2027]<br>October 9, 2026 | Last day to file notice of settlement / joint report re settlement |
| [February 16, 2027 at 1:30 p.m.]<br>October 19, 2026 at 1:30 p.m. | Post Mediation Status Conference |
| [March 2, 2027]<br>November 2, 2026 | Non-Expert Discovery Cut-Off |
| [March 16, 2027]<br>November 16, 2026 | Initial Expert Disclosures |
| [April 1, 2027]<br>December 2, 2026 | Rebuttal Expert Disclosures |
| [April 15, 2027]<br>December 16, 2026 | Expert Discovery Cut-Off |
| [April 15, 2027]<br>December 16, 2026 | Last day to file All Motions *(including discovery motions)* |

A proposed order is attached as **Exhibit B**.

Dated: May 26, 2026

So Stipulated and Respectfully submitted,

| | |
|---|---|
| **IJH LAW**<br><br>*By: /s/ Ignacio Hiraldo*<br>Ignacio J. Hiraldo<br>State Bar No. 354826<br>1100 Town & Country Road Suite 1250<br>Orange, CA 92868<br>E: ijhiraldo@ijhlaw.com<br>T: 657.200.1403<br><br>*Counsel for Plaintiff and Proposed Class* | **DTO LAW**<br><br>*By: /s/ William A. Delgado*<br>William A. Delgado<br>wdelgado@dtolaw.com<br>915 Wilshire Boulevard, Suite 1950<br>Los Angeles, California 90017<br>Telephone: (213) 335-6999<br>Facsimile: (213) 335-7802<br><br>*Attorneys for Defendant*<br>INSOMNIAC HOLDINGS, LLC |

## SIGNATURE CERTIFICATION

Pursuant to Local Rule 5-4.3.4(a)(2)(i), I hereby certify that the above signed counsel for Defendant concurs in the content of this filing and has authorized this filing.

Dated: May 26, 2026

**IJH LAW**

*By: /s/ Ignacio Hiraldo*
Ignacio J. Hiraldo
State Bar No. 354826
1100 Town & Country Road Suite 1250
Orange, CA 92868
E: ijhiraldo@ijhlaw.com
T: 657.200.1403

*Counsel for Plaintiff and Proposed Class*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document has been served to all counsel of record, who are deemed to have consented to electronic service via the court's CM/ECF system per Civil Local Rule 5.4(d).

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

Executed May 26, 2026.

**IJH LAW**

*By: /s/ Ignacio Hiraldo*
Ignacio J. Hiraldo
State Bar No. 354826
1100 Town & Country Road Suite 1250
Orange, CA 92868
E: ijhiraldo@ijhlaw.com
T: 657.200.1403

*Counsel for Plaintiff and Proposed Class*